# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: TIMOTHY HUGH DIALS

    Debtor.

TIMOTHY HUGH DIALS,

    Appellant,

v.                                  CIVIL ACTION NO. 2:19-cv-00601

HSBC BANK USA, N.A., et al.,

    Appellees.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the appellant's, Timothy Hugh Dials, Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. In this application, the appellant declares under the penalty of perjury that he has no income from any source, no assets, and only $514.00 in a checking or savings account. Therefore, the court **GRANTS** the appellant's application. However, the court has reviewed the number of documents designated by the appellant as part of the record on appeal in the main bankruptcy case. It is apparent that the appellant's underlying case and his appeals therefrom were filed frivolously. For this reason, the court **DISMISSES** the appeal.

As the Bankruptcy Court indicates in its Memorandum Opinion and Order, [ECF No. 1–1], this case is but another chapter in the extensive, years-long abusive

litigation prosecuted or defended by Mr. Dials and his daughter or step-daughter, Ms. Cline, in various state and federal courts.

I decline to recount the troubling and long history of this case in detail. The record indicates that the subject property has been tied up in a string of bankruptcy proceedings and other litigation since 2008. *See HSBC Bank v. Cline*, No. 07-cv-3604 (Franklin Cty. Ct. C.P.); *In re Santana Cline*, No. 2:08-bk-53519 (Bankr. S.D. Ohio); *In re Santana Cline*, No. 2:08-bk-60588 (Bankr. S.D. Ohio); *In re Santana Cline*, No. 2:10-bk-58115 (Bankr. S.D. Ohio); *Cline v. HSBC*, No. 2:10-ap-2482 (Bankr. S.D. Ohio); *Cline v. HSBC*, No. 2:10-ap-2618 (Bankr. S.D. Ohio); *HSBC v. Cline*, No. 07CVE-03-3604 (Franklin Cty. Ct. C.P.); *In re Santana Cline*, No. 2:11-bk-54893 (Bankr. S.D. Ohio); *Cline v. HSBC*, No. 2:11-ap-2336 (Bankr. S.D. Ohio); *In re Santana Cline*, No. 11-54893 (B.A.P. 6th Cir.); *Cline v. Mortg. Elec. Registrations Sys., Inc.*, No. 12-cv-2287 (Franklin Cty. Ct. C.P.); *Cline v. Mortg. Elec. Registrations Sys., Inc.*, No. 2:13-cv-401 (S.D. Ohio); *Cline v. CBSK*, No. 8:13-cv-1720-JLS-JPR (C.D. Cal.); *In re Santana Cline*, No. 2:15-bk-15412 (Bankr. D. Nev.).

On September 9, 2017, the Bankruptcy Court granted the creditor/appellee's, HSBC Bank USA ("HSBC"), Motion to Lift Automatic Stay. *In re Dials*, 575 B.R. 137, 147 (Bankr. S.D.W. Va. 2017). That order granted *in rem* relief to HSBC on residential real property purchased by Ms. Cline in 2006 and subsequently transferred to Mr. Dials. *Id.* At the time the Opinion was entered, no payments had been made on the obligation in over a decade. *Id.* The Court did not grant *in rem* relief

lightly; it is a remedy available to a creditor only "if the bankruptcy filing was part of a scheme to hinder or defraud creditors and which involves either multiple bankruptcy filings or transfer of the property in question without . . . approval . . . or . . . consent." *Id.*

In February 28, 2018, this court dismissed Mr. Dials's appeal of the Order Granting HSBC Bank USA, N.A.'s Amended Motion to Lift Automatic Stay entered by the Bankruptcy Court Judge. *See In re Dials*, No. 2:17-CV-04132, 2018 WL 10418569, at *1 (S.D.W. Va. Feb. 28, 2018), aff'd sub nom. *Dials v. HSBC Bank USA, N.A.*, 744 F. App'x 160 (4th Cir. 2018). In that order, I noted that "Ms. Cline and Mr. Dials are engaging in frivolous… and time-consuming abuse of the court system. . . ." *Id.* I further directed punitive sanctions and recommended federal investigations if Mr. Dials and Ms. Cline were to persist in this longstanding and abusive conduct.

In the instant case, Mr. Dials appeals the Bankruptcy Court's decision granting HSBC's Motion requesting Entry of an *In Rem* Relief Order and denying Mr. Dials's Motion for Extension/ Rescheduled Hearing. Prior to appellant's Motion for Extension/ Rescheduled Hearing, the Bankruptcy Court had, at the appellant's request, rescheduled the hearing no less than four times. Each of Mr. Dials's requests for rescheduling the hearing were made last minute, just a day or two before the scheduled hearings. Mr. Dials purported that these requests for extensions and rescheduling were because of his wife's alleged illness and repeated hospitalizations. Mr. Dials, however, never submitted the appropriate paperwork requested by the

3

Bankruptcy Court to validate these explanations. The Bankruptcy Court afforded Mr. Dials significant flexibility in scheduling and deadlines, despite Mr. Dials's repeated improper and harassing e-mail communications to the Bankruptcy Clerk's Office and the Bankruptcy Court's law clerks.

It is apparent to this Court that in the case underlying the instant appeal, the appellant offered arguments with no basis in fact or in law. And it further appears that the appellant made clear misrepresentations to the Bankruptcy Court on numerous occasions and based his arguments on evidence that he failed to produce. The court therefore **DISMISSES** Mr. Dials's appeal.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      April 3, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE